UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           CRIMINAL NO. 13CR-0167-01

VERSUS           JUDGE HAIK

DAMIEN GUIDRY (1)           MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

The defendant, Damien Guidry, has filed a motion to dismiss his indictment. [Record Doc. 16]. The government has filed an opposition. [Record Doc. 28]. For those reasons set out below, it is recommended that the defendant's motion to dismiss be **denied**.

The defendant is charged with being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1). The indictment charges that on January 1, 2013 the defendant "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year" knowingly possessed a .45 caliber pistol. The pistol is specifically identified by serial number.

The defendant's sole ground for dismissal is that the indictment does not describe the details of the felony conviction or convictions which form the predicate for the offense. The defendant cites no authority for the proposition that the specific details of the defendant's prior felony conviction(s) must be set out in the indictment. Rather, the defendant, simply relies on the text of the Fifth Amendment and general language found in *United States v. Gordon*, 780 F.2d 1165 (5th Cir. 1986) and many other cases which

hold that an indictment is sufficient only if it (1) contains the elements of the offense charged, (2) fairly informs the defendant of the charge he must meet and (3) provides the basis for a double jeopardy plea in the event of future prosecutions.

The Court does not disagree with this language. Rather, the Court holds that the indictment returned by the grand jury meets all three of these requirements. There is no question but that the indictment returned by the grand jury in this case contains the elements of the offense charged. The indictment further specifically identifies the gun which the defendant allegedly possessed and the date on which the possession occurred. The indictment further informs the defendant that it is alleged that he was, at the time of his possession of the firearm, a convicted felon. Thus, all three requirements of *Gordon* are met, and the indictment is Constitutionally sufficient.

Simply stated, the defendant has failed to provide any legal authority for the proposition that the prior felony conviction of the defendant must be set out with specificity in the indictment in order for the indictment to pass Constitutional muster. The Court knows of no such authority.

Insofar as the defendant is concerned about being surprised at trial, it should be noted that the Court has ordered the government to answer the defendant's requested particular and to identify, with specificity, the prior felony conviction or convictions on which the government intends to rely at trial. [Record Doc. 30]. While it is true, as the defendant notes, that responses to a Bill of Particulars is insufficient to cure

Constitutional deficiency, no such Constitutional deficiency is present in this indictment and the Government's response to the defendant's particular regarding which conviction (or convictions) the government will use at trial eliminates any potential surprise.[1]

For the above reasons, **IT IS RECOMMENDED** hat the defendant's motion to dismiss be **denied**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[1] Of course, "[t]he question whether a felony conviction may serve as a predicate offense for a prosecution for being a felon in possession of a firearm pursuant to § 922(g)(1) is 'purely a legal one.'" Therefore it is for the district court, not the jury, to determine whether a prior conviction qualifies as a "crime punishable by imprisonment for a term exceeding one year" as that phrase is defined in § 921(a)(20). *United States v. Broadnax*, 601 F.3d 336, 345 (5th Cir. 2010).

A courtesy copy of any objections or responses shall be provided to the District Judge at the time of filing.

July 22, 2013, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RTH
On:  7/22/2013
By:  MBD