U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED    LAFAYETTE

JAN 30 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| United States of America | Civil Action 6:13-0167-01 |
| versus | Judge Richard T. Haik, Sr. |
| Damien Guidry | Magistrate Judge C. Michael Hill |

## RULING

Before the Court is an Appeal of the Magistrate Judge's Order granting the government's Motion To Require The Defendants And A Purported Defense Witness To Submit To Photographing Of Tattoos filed by defendant Damien Guidry. *R. 96* The government moves the Court to order defendant Guidry, defendant, Jarvis Martin, and a defense witness, Bryson Solomon, to disrobe in order that their tatoos can be photographed by a government agent. *Id.* The Magistrate Judge issued an order on January 6, 2014 finding that, while the relevance of the photographs was questionable, the photography should be allowed. *R. 138.*

Defendant filed an Appeal of the Magistrate Judge's Decision on January 6, 2014. [Rec. Doc. 139]. The Court ordered the government to provide the Court with the relevance of its need to require the defendant to expose his body, in whole or in part, in order to photograph his tattoos. *R. 147.* The government filed its response to the Court's order stating that the arrest video indicates "extensive tattooing" on the defendant who is "reputed to head a drug trafficking gang operating in southwest Louisiana." *R. 149.* The defendant opposes the motion arguing that photographing the tatoos in this case has no relevance other than to prejudice the jury with improper innuendo and bad character evidence. *R. 97.* The defendant contends that photographing the defense's witness represents nothing more than

an attempt to intimidate him.

The general discovery rule in federal criminal cases is provided by Rule 16 of the Federal Rules of Criminal Procedure. Rule 16 "deals with documents and other materials that are in the possession of the Government and provides how they may be made available to the defendant for his information." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951). It gives a "limited right of discovery." *Id.* at 220. This limited right to discovery applies to both sides.

The record provides that each of the defendants was indicted on one count of possession of a firearm and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1). The Court finds the government's reasons for photographing the tatoos at issue are merely vague context which fail to demonstrate the relevance of the tatoos to the charge of possessing a firearm. The Court further finds that any minimal relevance is outweighed by the unfair prejudice the photographs could cause in the minds of the jury. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Ruling of January 6, 2014 granting the government's Motion To Require The Defendants And A Purported Defense Witness To Submit To Photographing Of Tattoos, *R. 96,* is **REVERSED.**

Thus done and signed this 27th day of January, 2014 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge